UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14271-CIV-CANNON/Maynard

**JAMIN R. FORD,**

    Plaintiff,

v.

**WILLIAM D. SNYDER,**
Sheriff of Martin County, Florida,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND CLOSING CASE

**THIS CAUSE** comes before the Court upon the Motion to Dismiss Plaintiff's Civil Rights Complaint ("Motion"), filed by Defendant William D. Snyder [ECF No. 14]. Plaintiff did not file a Response, despite being granted an extension to do so.[1] The Court has reviewed the Motion and the full record. For the reasons set forth below, the Motion [ECF No. 14] is **GRANTED**; Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and the Clerk is directed to **CLOSE** this case.

### RELEVANT BACKGROUND

On August 28, 2023, Defendant Sheriff William D. Snyder of Martin County removed the instant case from the Nineteenth Judicial Circuit, in and for Martin County, Florida, to this Court [ECF No. 1]. Plaintiff alleged in his Complaint that he was being held indefinitely in isolated

---

[1] Defendant filed his Motion to Dismiss on November 17, 2023 [ECF No. 14]. Plaintiff's Response was due on December 1, 2023 [ECF No. 14]. On January 5, 2024, the Court granted Plaintiff one final extension of time to file his Response on or before January 19, 2024 [ECF No. 18]. The Court also ordered Defendant to mail a copy of the Motion to Plaintiff's address [ECF Nos. 15, 17, 19].

confinement in the Martin County Jail and sought an order of release to general population [ECF No. 1-1 pp. 6–7]. On October 2, 2023, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and determined that the Complaint plausibly alleged a Fourteenth Amendment substantive and procedural due process claim for injunctive relief [ECF No. 10 pp. 3–7; ECF No. 12].

On November 17, 2023, Defendant filed the instant Motion, arguing that the remaining claims should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1), because Plaintiff no longer has standing to bring his claim [ECF No. 14]. In support of this argument, Defendant advises that Plaintiff "was transferred to the Century Correctional Institution" on "September 27, 2023" and is no longer in Defendant's custody [ECF No. 14 p. 2 ("Due to the fact that the Plaintiff is no longer incarcerated at the Martin County Jail, his request for injunctive relief is moot and he no longer has standing to bring this claim under Article 3 of the United States Constitution.")].

**LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2 of the United States Constitution requires that there be a 'case' or 'controversy' before a federal court may decide a case." *Granite State Outdoor Advent. Inc., v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003) (citing U.S. Const. art. III § 2). The "three constitutional requirements for standing" are "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be **redressed** by a favorable decision." *Id*. (citation omitted) (emphasis added).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "[A] factual attack on a complaint

challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumption of truthfulness attaches to plaintiff's allegations[.]" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Williamson v. Tucker*, 645 U.S. F.2d 404, 412 (5th Cir. 1981).

## DISCUSSION

Plaintiff's Complaint is due to be dismissed for lack of standing because the record is clear that a decision favorable to Plaintiff will not redress his alleged injury. *See Vt. Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (noting that "redressability" requires "a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact" (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41 (1976)). The asserted injury in the Complaint is that Plaintiff's placement in isolated confinement for an "indeterminate" amount of time violates his substantive and procedural due process rights under the Fourteenth Amendment [ECF No. 1-1 p. 7]. The relief Plaintiff seeks in the Complaint is release from isolated confinement at the Martin County Jail [ECF No. 1-1 p. 7]. However, as the record now shows, Plaintiff is no longer in isolated confinement at the Martin County Jail; he is in the custody of the Florida Department of Corrections at Century Correctional Institution, and has been since September 27, 2023.[2] Accordingly, there is no likelihood that Plaintiff's claimed injury "will be redressed by a favorable decision" of this Court. *Granite State Outdoor Advent. Inc.*, 351 F.3d at 1116. Plaintiff therefore

---

[2] The Court takes judicial notice of the Florida Department of Corrections Inmate Locator. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (citing Fed. R. Evid. 201(b)(2)). Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include as part of the record in this case the Inmate Locator results page for Jamin Ford. *See also Lawrence*, 919 F.2d at 1529 (authorizing a court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case" in evaluating a 12(b)(1) factual attack on subject matter jurisdiction).

CASE NO. 23-14271-CIV-CANNON/MAYNARD

lacks standing to pursue his remaining claims. *See Stalley*, 524 F.3d at 1232 ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction . . . [It] is not a judgment on the merits and is entered without prejudice.") (quotation and citation omitted).

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 14] is **GRANTED**.
2. Plaintiff's Complaint [ECF No. 1-1] is **DISMISSED WITHOUT PREJUDICE**.
3. Any pending motions are **DENIED AS MOOT**.
4. The Clerk **SHALL MAIL** a copy of this Order to Plaintiff at the address below.
5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 2nd day of February 2024.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: **Counsel of record**

**Jamin Ryan Ford**
859648
Century Correctional Institution
Inmate Mail/Parcels
400 Tedder Road
Century, Florida 32535
PRO SE